# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No.: 1:19-CR-283 |
| : | |
| **OKSANA VOVK** : | |
| : | |
| **Defendant** : | |
| : | |

## MOTION TO SUPPRESS STATEMENTS

COMES NOW the Defendant, Oksana Vovk, by and through counsel, and respectfully moves the Court to suppress any statements made to law enforcement, whether oral or written, as they were obtained in violation of her constitutional rights to due process and counsel and his right against self-incrimination. *See* U.S. Const. *amend. V*.

### I.    Background

On June 21, 21019, Defendant Oksana Vovk was interrogated by agents of the federal government. At the beginning of that interrogation, she was advised of her *Miranda* rights and she clearly invoked her right to counsel. This was not respected by the agents. They did not cease their interrogation. Instead, they incorrectly told her that the *Miranda* waiver they wanted her to sign was simply advising her of her rights and was not a waiver of those rights. After she invoked her

1

right to counsel and after she was mislead about the *Miranda* waiver, she gave statements which must now be suppressed.

**II.     Ms. Vovk's Statements Must Be Suppressed As They Were Not Knowing And Not Voluntary And Were Unlawfully Obtained**

It is a fundamental principle of our justice system that "men are not to be exploited for the information necessary to condemn them before the law." *Culombe v. Connecticut*, 367 U.S. 568 (1961). Where an accused's "will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." *Id.* At 602. When determining the voluntariness of a statement, courts must be cognizant that "[t]here is torture of mind as well as of body; the will is as much affected by fear as by force." *Watts v. Indiana*, 338 U.S. 49, 52, 93 L. Ed. 1801, 1805 (1949). To be voluntary, therefore, a confession must have been "the product of an essentially free and unconstrained choice by its maker." *Culombe,* 367 U.S. at 602. The burden, therefore, is always on the government to establish that a confession was voluntarily made. *Haynes v. Washington*, 373 U.S. 503 (1963).

The Fifth Amendment to the United States Constitution also provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. *amend*. V. This privilege against self-incrimination is not limited to statements made during criminal court proceedings; rather, it attaches whenever a person is in custody and subject to interrogation. In such situations, an individual must be advised of his rights against self-incrimination before any

statements "made during custodial interrogation could be admitted in evidence." *Miranda v. Arizona*, 384 U.S. 436, 467 (1966); *Dickerson v. United States*, 530 U.S. 428, 431–32 (2000).

Custodial interrogation "mean[s] questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda* at 444, 86 S.Ct. 1602. *See also Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (A person is "interrogated" for *Miranda* purposes not only when police expressly question him, but also when the police use any words or actions that they should know are reasonably likely to elicit an incriminating response.)

Statements obtained from a defendant during a custodial interrogation are presumed to have been compelled in violation of the Fifth Amendment, and may not be admitted into evidence, unless the government shows that law enforcement officers adequately informed the defendant of his *Miranda* rights and obtained a constitutionally valid waiver of those rights. *United States v. Day*, 591 F.3d 679, 696 (4th Cir. 2010); *United States v. Cardwell*, 433 F.3d 378, 388–89 (4th Cir.2005).

WHEREFORE, Defendant respectfully requests that the Court grant the foregoing motion in the interests of justice.

Respectfully submitted,

OKSANA VOVK
By Counsel

                    /s/
Jeffrey Zimmerman, Esquire
Virginia State Bar No. 38858
Jeffrey Zimmerman, PLLC
108 N. Alfred Street
Alexandria, VA 22314
Telephone Number: (703) 548-8911
Facsimile Number: (703) 548-8935
Email Address: www.zimpacer.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2019, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

                    /s/
JEFFREY D. ZIMMERMAN