FILED
IN OPEN COURT

DEC -4 [illegible]

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-CR-283 |
| | ) | |
| OKSANA VOVK, | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant, OKSANA VOVK, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in and around June 2014 to on or about November 4, 2016, within the Eastern District of Virginia and elsewhere, OKSANA VOVK ("VOVK") did knowingly, unlawfully, and intentionally conspire, confederate, and agree with others, both known and unknown, to unlawfully, knowingly, and intentionally commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1) and (h).

2. Co-conspirator 1 ("CC-1") obtained cocaine from NALETH VONGSENGCHANH (a/k/a "Aleth Terada," a/k/a "Naleth Dongsenchanh") (hereinafter, "TERADA") and VOVK. In the beginning of the conspiracy, CC-1 obtained the cocaine within the Eastern District of Virginia from TERADA and VOVK. Beginning in January 2015, CC-1 obtained the cocaine from Texas, where TERADA and VOVK had moved. On numerous occasions, CC-1 and his conspirators made cash deposits into bank accounts controlled by TERADA and VOVK to repay them for the cocaine, including into the account of STYLISH TRAVELER LLC. During the conspiracy, another co-conspirator ("CC-2"),

couriered drugs for CC-1, assisted in handling cash proceeds from the cocaine, and made cash deposits to TERADA and VOVK's bank accounts as payment for the cocaine.

3. In addition to CC-1 and CC-2 transporting and delivering bulk cash currency to TERADA and VOVK in Texas, CC-1 also facilitated the transfer of drug proceeds to TERADA and VOVK through traditional bank deposits and money transfers. TERADA provided CC-1 the bank account details, amounts, and/or payee information. In particular, TERADA provided the bank account details to CC-1 for Capital One Bank account 1360853035 in the name of STYLISH TRAVELER LLC. Records produced by Capital One show that account 1360853035 was a jointly owned account held by TERADA and VOVK. CC-1 would deposit narcotics proceeds into this account. TARADA and VOVK would then withdraw the proceeds from the account in Texas. During the course of the investigation, STYLISH TRAVELER LLC never had a legitimate business purpose.

4. CC-2 made numerous trips in rental vehicles to transport drug proceeds to Houston, Texas and obtain kilogram quantities of cocaine from TERADA and VOVK for transport back to the Washington, D.C. region. CC-2 made trips to Houston, Texas in May, June, July, September, and October of 2015 and would either take $30,000 United States currency ("USC") or $60,000 USC to purchase one or two kilograms of cocaine from TERADA and VOVK.

5. In May 2015, CC-1 rented a vehicle from Enterprise in Alexandria, Virginia, within the Eastern District of Virginia, and accompanied CC-2 on a trip to Houston, Texas to pick up cocaine from TERADA for delivery to the Washington, D.C. metropolitan area. CC-1 and CC-2 drove to an apartment where both TERADA and VOVK were present during the exchange. CC-1 gave TERADA bulk U.S. currency and TERADA contacted his supplier.

The following day an unidentified co-conspirator (UCC) arrived at TERADA's apartment and delivered one kilogram of cocaine to TERADA, who then supplied that kilogram to CC-1. CC-2 concealed the cocaine in the engine compartment of the rental vehicle.

6. CC-2 departed Houston in the rental vehicle with the cocaine destined for Maryland. At the direction of CC-1, once in Maryland, CC-2 retrieved the cocaine from the engine compartment, placed it in a bag, and then drove the rental vehicle with the bag of cocaine to a location in Washington, D.C. CC-2 left the vehicle unlocked and walked away. The cocaine was retrieved by a local distributor, who was a customer of CC-1, and left $35,000.00 USC inside the rental vehicle. A short time later, CC-2 returned to the vehicle and drove to a Wells Fargo branch in the Eastern District of Virginia. CC-2 deposited the $35,000.00 USC into multiple bank accounts, held or controlled by TERADA and VOVK. The bank account details were provided to CC-2 by CC-1, who had remained in Houston, Texas. After CC-2 deposited the cash at a Wells Fargo bank location, CC-1, TERADA, and VOVK drove from Houston, Texas to the Washington, D.C. region with another kilogram of cocaine.

7. On or about November 4, 2016, CC-1 and VOVK traveled from Texas back to the Eastern District of Virginia. CC-1 and CC-2 were arrested after law enforcement officers observed CC-1 and CC-2 remove approximately one kilogram (993 grams) of cocaine that was packaged and concealed in the engine compartment of a vehicle driven by CC-1 and occupied by VOVK. CC-1 and VOVK had traveled from Houston, Texas to Vienna, Virginia, within the Eastern District of Virginia, with the cocaine.

8. During the conspiracy, between February 2015 and December 2015, CC-1 deposited approximately $78,300 USC of cocaine proceeds into the STYLISH TRAVELER

LLC bank account in a classic deposit structuring manner meant to evade currency-reporting requirements. For each deposit, CC-1 would print either "Stylish Traveler LLC," "Aleth Terada," or "Oksana Vovk," and each withdrawal slip would be signed by either TERADA or VOVK acknowledging receipt of the transaction amounts.

9. During the course and in furtherance of the conspiracy, the defendant was personally involved in, or it was reasonably foreseeable to VOVK that her co-conspirators distributed, at least 500 grams but less than 2 kilograms of cocaine (Level 24).

10. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

11. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Karolina Klyuchnikova
Special Assistant United States Attorney (LT)

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, OKSANA VOVK, and the United States, I hereby stipulate that the above

4

Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
OKSANA VOVK

I am Jeffrey Zimmerman, defendant's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Jeffrey Zimmerman
Attorney for OKSANA VOVK