IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| ) | Case Number: 1:19-CR-283 |
| OKSANA VOVK, ) | |
| ) | Honorable Claude M. Hilton |
| Defendant. ) | |
| ) | Sentencing: February 7, 2020 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Karolina Klyuchnikova, Special Assistant United States Attorney (LT), in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to sentencing of the defendant, Oksana Vovk (hereinafter, VOVK). The United States has no objection to the Presentence Report, which correctly calculates the Guideline range to be 46 to 57 months. The United States moves for a one-level reduction of the defendant's Guidelines level pursuant to U.S.S.G. § 3E1.1(b), in recognition of the defendant's timely guilty plea and her acceptance of responsibility. The United States respectfully submits that a sentence of 46 months of imprisonment is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

From in and around June 2014 to on or about November 4, 2016, within the Eastern District of Virginia and elsewhere, VOVK engaged in a conspiracy to launder narcotics sales proceeds through various bank accounts.

1

As per information provided by co-conspirator 1 ("CC-1"), during that time period, he/she obtained cocaine from NALETH VONGSENGCHANH (also known as "Aleth Terada") (hereinafter, TERADA) and VOVK. In the beginning of the conspiracy, CC-1 obtained the cocaine within the Eastern District of Virginia from TERADA and VOVK. Beginning in January 2015, CC-1 obtained the cocaine from Texas, where TERADA and VOVK had moved to. On numerous occasions, CC-1 and his conspirators made cash deposits into bank accounts controlled by TERADA and VOVK to repay them for the cocaine, including into the account of STYLISH TRAVELER LLC. During the conspiracy, another co-conspirator ("CC-2"), couriered drugs for CC-1, assisted in handling cash proceeds from the cocaine, and made cash deposits to TERADA and VOVK's bank accounts as payment for the cocaine.

In addition to CC-1 and CC-2 transporting and delivering bulk cash currency to TERADA and VOVK in Texas, CC-1 also facilitated the transfer of drug proceeds to TERADA and VOVK through traditional bank deposits and money transfers. TERADA provided CC-1 the bank account details, amounts, and/or payee information. In particular, TERADA provided the bank account details to CC-1 for Capital One Bank account 1360853035 in the name of STYLISH TRAVELER LLC. Records produced by Capital One show that account 1360853035 was a jointly owned account held by TERADA and VOVK. CC-1 would deposit narcotics proceeds into this account. TERADA and VOVK would then withdraw the proceeds from the account in Texas. During the course of the investigation, STYLISH TRAVELER LLC never had a legitimate business purpose.

CC-2 also made numerous trips in rental vehicles to transport drug proceeds to Houston, Texas and obtain kilogram quantities of cocaine from TERADA and VOVK for transport back to

the Washington, D.C. region. CC-2 made trips to Houston, Texas in May, June, July, September, and October of 2015 and would either take $30,000 United States currency ("USC") or $60,000 USC to purchase one or two kilograms of cocaine from TERADA and VOVK.

In May 2015, CC-1 rented a vehicle from Enterprise in Alexandria, Virginia, within the Eastern District of Virginia, and accompanied CC-2 on a trip to Houston, Texas to pick up cocaine from TERADA for delivery to the Washington, D.C. metropolitan area. CC-1 and CC-2 drove to an apartment where both TERADA and VOVK were present during the exchange. CC-1 gave TERADA bulk USC and TERADA contacted his supplier. The following day, an unidentified co-conspirator arrived at TERADA's apartment and delivered one kilogram of cocaine to TERADA, who then supplied that kilogram to CC-1. CC-2 concealed the cocaine in the engine compartment of the rental vehicle.

CC-2 departed Houston in the rental vehicle with the cocaine destined for Maryland. At the direction of CC-1, once in Maryland, CC-2 retrieved the cocaine from the engine compartment, placed it in a bag, and then drove the rental vehicle with the bag of cocaine to a location in Washington, D.C. CC-2 left the vehicle unlocked and walked away. The cocaine was retrieved by a local distributor, who was a customer of CC-1. The local distributor left $35,000.00 USC inside the rental vehicle in exchange for the cocaine. A short time later, CC-2 returned to the vehicle and drove to a Wells Fargo branch in the Eastern District of Virginia. CC-2 deposited the $35,000.00 USC into multiple bank accounts, held or controlled by TERADA and VOVK. The bank account details were provided to CC-2 by CC-1, who had remained in Houston, Texas. After CC-2 deposited the cash at a Wells Fargo bank location,

3

CC-1, TERADA, and VOVK drove from Houston, Texas to the Washington, D.C. region with another kilogram of cocaine.

On or about November 4, 2016, CC-1 and VOVK traveled from Texas back to the Eastern District of Virginia. CC-1 and CC-2 were arrested after law enforcement officers observed CC-1 and CC-2 remove approximately one kilogram (993 grams) of cocaine that was packaged and concealed in the engine compartment of a vehicle driven by CC-1 and occupied by VOVK. CC-1 and VOVK had traveled from Houston, Texas to Vienna, Virginia, within the Eastern District of Virginia, with the cocaine.

During the conspiracy, between February 2015 and December 2015, CC-1 deposited approximately $78,300 USC of cocaine proceeds into the STYLISH TRAVELER LLC bank account in a classic deposit structuring manner meant to evade currency-reporting requirements. For each deposit, CC-1 would print either "Stylish Traveler LLC," "Aleth Terada," or "Oksana Vovk," and each withdrawal slip would be signed by either TERADA or VOVK acknowledging receipt of the transaction amounts.

After being encountered in Finland and stopped pursuant to a Red Notice, VOVK was extradited from Finland to the United States in June of 2018, to face charges based on the above facts. On December 4, 2019, VOVK pled guilty to conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1) and (h). Her sentencing is scheduled for February 7, 2020.

1. **ARGUMENT**

    a. <u>Overview of Applicable Law</u>

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*,

543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," Section 3553 states that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

      b. Guidelines Calculation

In accordance with Section 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guideline sentencing, the United States has reviewed the Probation Office's Presentence Investigation Report (PSR) prepared in this matter. The Probation Office calculated the defendant's Guidelines range to be 46 to 57 months, based on a total offense level of 23 and a Criminal History Category of I.

i. <u>Application of 18 U.S.C. § 3553 Factors to the Defendant's Case</u>

The factors set forth in 18 U.S.C. § 3553(a) warrant a significant term of imprisonment. The defendant and her coconspirators laundered over $78,000 in United States currency through the STYLISH TRAVELER LLC account – money that came from the distribution of cocaine in the Virginia region and Texas. The defendant used numerous bank accounts, including one of the illicit business, to launder the money for the purpose of avoiding detection of the narcotics proceeds. The defendant conducted the laundering and structuring for the purpose of hiding her involvement in the trafficking of a large amount of cocaine.

Cocaine imposes a significant harm on society. It is an addictive drug that destroys the lives of users, and has far reaching consequences on the users' families, friends, and communities. The resultant cost on society is tremendous, including the cost of law enforcement, healthcare, loss of productivity, and mental health treatment. The defendant engaged in these actions without any regard for the harms to society and the users, and did so for her own financial gain.

A period of incarceration is necessary to promote respect for the law, and to deter future criminal conduct by the defendant and others. As regards the history and characteristics of the defendant, the defendant has no prior convictions, but does have two open cases in Texas for which bench warrants have been issued: driving while intoxicated (2016) and interfere with duties of public servant (2016). The convictions, therefore, total a criminal history score of I. With respect to other defendants in the investigation, each of the two other defendants was sentenced to a term of 60 months imprisonment and 84 months imprisonment, respectively, after each accepted responsibility for the charge of conspiracy to distribute 500 grams or more of cocaine (in violation of Title 21 U.S.C. Sections 841(a)(1) and 846).

The defendant is a highly educated individual with a bachelor's degree in Management, a master's degree in Business Appraisal and Economy, and proficiency in numerous languages. The defendant has also held high-paying jobs in Russia dealing with finance and technical writing. In the case before us, the defendant used her business and finance skills in a criminal manner to launder narcotics proceeds stemming from the trafficking of at least 500 grams but less than 2 kilograms of cocaine. However, the defendant's background does also indicate that she has a high chance of being rehabilitated and becoming a productive member of society after her release from prison. The defendant also admitted responsibility for her actions. In light of the defendant's present criminal conduct, lack of prior criminal convictions, her acceptance of responsibility, and those additional factors set forth above, the government submits that a 46-month term of incarceration is sufficient, but not greater than necessary, to further the goals in 18 U.S.C. § 3553(a).

## 2. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a sentence of imprisonment of 46 months.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Karolina Klyuchnikova
Special Assistant United States Attorney (LT)

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                      /s/
                                        Karolina Klyuchnikova
                                        Special Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, VA 22314
                                        Phone: (703) 299-3700
                                        Karolina.Klyuchnikova@usdoj.gov