IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | 1:19-cr-283 |
| v. | : | |
| | : | The Honorable Claude M. Hilton |
| **OKSANA VOVK** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING**

Comes now, Defendant Oksana Vovk, by and through her counsel, Jeffrey Zimmerman, in accord with 18 U.S.C. 3553(a), and respectfully submits this sentencing memorandum. The defense submits that a variance sentence to time-served is warranted in this case.

**I.   SENTENCING GUIDELINES**

Ms. Vovk agrees that the Sentencing Guidelines range is properly calculated in the PSI at an Offense Level Total of 23 with a Criminal History Category I, for an advisory sentencing range of 46-57 months.  See *Presentence Investigation Report* at 14 ¶¶ 70-71 (Doc #42) [hereinafter PSI].

Defendant notes that convictions under 18 U.S.C. §1956 are assessed an additional two levels enhancement pursuant to U.S.S.G § 2S1.1(b)(2)(B). *See* PSI at 8 ¶ 30. As the Department of Justice has recently acknowledged, sentencing enhancements that are technically applicable can unfairly escalate a defendant's sentencing exposure. *See United States v. Roger J. Stone, Jr.*, 1:19-CR-00018-ABJ (Doc. 286) (DC 2/11/20) at 2. For reference, without the two level

1

enhancement, Ms. Vovk's would be at a Total Offense Level of 23 with a resulting sentencing range of 37-46 months. As discussed below, however, a variance sentence to time-served is appropriate in the instant case.

## II. A VARIANCE SENTENCE OF TIME-SERVED WOULD ACCOUNT FOR EACH OF THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a)

Section 3553(a) of Title 18 directs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and then impose a sentence "sufficient, but not greater than necessary" to comply with the goals of sentencing. The Supreme Court has emphasized that a sentencing court "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States,* 552 U.S. 38, 50 (2007). In the instant case, a variance sentence of time-served would account for each of the factors set forth in §3553(a).

### A. The Personal History and Characteristics of Oksana Vovk

Oksana Vovk, 31 years old, was born in St. Petersburg (formerly Leningrad), Russia. *See* PSI at 10 ¶ 48. She has had no contact with her father since her parents separated when she was twelve years old. *Id.* She has been close with her father and felt abandoned by him after he left and did not maintain much contact with her. *Id.* at 11 ¶ 51. She has been in the United States pursuant to a J1 visa. *Id.* at 11 ¶¶ 52-53.

In 2014, Oksana met co-defendant Aleth Terada, age 50, twenty years her senior. He proposed to her about three weeks after they met. She said yes a few days later. They were married on September 22, 2014, after what by that time had been a four-month courtship. *See id.* at 11 ¶ 54. While he had been manipulative and controlling during the brief time they knew each

other prior to marriage, immediately after the marriage he became physically abusive. *Id.* There was consistent abuse that included Terada punching, kicking and choking Oksana and striking her with objects. *Id.* In November 2015, a little over a year into the marriage, Terada shot Oksana in the right leg. *Id.* She required hospitalization for about a week and surgery to repair her shattered bones, including multiple screws and rods. *Id.* at 12 ¶ 58. She continues to suffer from significant pain as a result of the gunshot damage to her leg. *Id.*

Starting in or about 2016, not long after being shot by her physically abusive husband, Oksana began experiencing monthly anxiety attacks. *See* PSI at 12 ¶ 60. She sought and received some treatment for anxiety. *Id.* Since her incarceration at the Alexandria Detention Center, she has been prescribed medications for anxiety, depression, and post-traumatic stress disorder. *Id.* She has also, while incarcerated, received counseling for victims of domestic violence. *Id.*

Prior to getting involved with Aleth Terada, Ms. Vovk had obtained numerous educational degrees. She obtained a bachelor's degree in Social Security and Management from the Moscow New Law Institute in Moscow, Russia in 2006. *Id.* at 13 ¶ 64; *see Exhibit 1* (copy of bachelor's degree). Between 2006 and 2008, she studied Finance at the Moscow Academy of Finance and Law in Moscow. *Id.* In 2011, Ms. Vovk received her master's degree in Appraisal and Economics from the International Academy of Appraisal and Consulting in Moscow. *Id.; see Exhibit 2* (copy of master's degree). While residing in the United States, she studied and earned certificates in English and Spanish at the International Language Institute in Washington, DC. *Id.; see Exhibits 3 & 4* (copy of language certificates). She has also become a certified personal trainer through the American Sports & Fitness Association and has been certified in Adult CPR through the American Academy of CPR & First Aid. *See Exhibits 5 & 6* (copy of certifications).

While incarcerated in the instant case, Oksana participated in Georgetown University's Prison Outreach Creative Writing Program, which included discussion of literature, poetry and prose with Georgetown students as well as participation in creative writing activities. She also performed community service by participating in a blanket knitting project through the Alexandria Sheriff's Office. *See Exhibit 7* (copy of certificates of participation).

Ms. Vovk's mother, Света Рогожина, writes to the Court that her daughter has a job at a prestigious company and had been paying for the apartment where she lives. *See Exhibit 8* (letter from Света Рогожина). She writes that "I love my daughter very much, and I suffer very much without her. It is for me the meaning of life and help and joy. For me she is the best person on earth: a kind, honest, loving daughter." *Id.* She notes that Ms. Vovk has this job waiting for her when she returns to Russia. *Id.* In a letter dated December 20, 2018, Ms. Vovk's employer (who refers to her by her married name, Mira Terada) confirms that she has been employed as a Senior Analytics Specialist since October 2017. *See Exhibit 9* (letter from Luxtoft Russia); *see also* PSI at 2 (noting married name); PSI at 13 ¶66 (noting this employment).

The Reverend Sylvia Dayton Jones of Alfred Street Baptist Church in Alexandria, who served as an instructor in a women's weekly bible study class at the dentition center, writes that Ms. Vovk asked many questions about faith during her re-entry course. *See Exhibit 10* (letter from Rev. Jones). "During the re-entry course," Rev. Jones writes, "I observed a change in Ms. Vovk's articulation of her life and faith and I witnessed what appeared to be a deep desire to pursue coursework in ministry." *Id.*  Shamila Karamchandari, an art class instructor at the jail, found Oksana to be a "very compassionate woman and a deep thinker." *See Exhibit 11* (letter

from Ms. Karamchandari). "Ms. Vovk is highly intelligent, soft-spoken woman [who] whole-heartedly participated in all my classes." *Id.*

Oksana Vovk has a life-long commitment to learning, growing and contributing to her community. She obtained a divorce from Mr. Terada in 2019, *see* PSI at 12 ¶55, and is determined to move beyond her abusive marriage and rebuild her life.

### B. The Nature and Circumstances of the Offense

Ms. Vovk has fully acknowledged and accepted responsibility for her role in this case. She pled guilty to and deeply regrets her involvement in this offense. She was apprehended in Finland on December 15, 2018, where she remained in custody. S*ee* PSI at 3 ¶1. Following extradition to the United States, she has been in continuous custody of the United States Marshals Service since June 20, 2019. *Id.* at 1. Thus, she has already spent over 14 months (1 year and two months) in custody for this offense. The Bureau of Prisons is unlikely to give Ms. Vovk credit for the six months she served in foreign custody in this case. Moreover, she served almost all of her time in Finland in small unit within a male maximum security facility because the women's prison was closed due to mold. In light of all the facts and circumstances of this case, a variance sentence of time served is warranted.

### III. CONCLUSION

A variance is warranted in the instant case. Ms. Vovk has pled guilty and accepted responsibility. She has no prior convictions. She is a young woman with an impressive past and a bright future who was badly abused by her former husband, a codefendant in this case. A downward variance sentence would be fair, just and appropriate in this case.

Respectfully submitted,

OKSANA VOVK
By Counsel

_____/s/_____
JEFFREY D. ZIMMERMAN
VA Bar #38858
Jeffrey Zimmerman, PLLC
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911  Fax (703) 548-8935
zimpacer@gmail.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of February 2020, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record and a copy was emailed to United States Probation Officer William C. Byerley.

_____/s/_____
JEFFREY D. ZIMMERMAN