IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OKSANA VOVK,<br><br>　　　　*Defendant*. | Case No. 1:19-CR-283 |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND MEMORANDUM IN SUPPORT

The United States of America, by and through its counsel, and pursuant to Fed. R. Crim. P. 32.2(b)(2), respectfully moves the Court to enter a preliminary order of forfeiture ordering a forfeiture money judgment in the amount of **$113,300** against the defendant, Oksana Vovk.

### Procedural Background

On September 19, 2019, a federal grand jury in the Eastern District of Virginia returned an indictment charging the defendant with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Dkt. #23.  The indictment includes a forfeiture notice informing the defendant that if convicted of the money laundering conspiracy, the United States would seek forfeiture of any property, real or personal, involved in the money laundering offense.  *Id.*

On December 4, 2019, the defendant pleaded guilty, pursuant to a plea agreement, to Count 2 of the indictment charging her with conspiracy to commit money laundering, in

violation of 18 U.S.C. § 1956(h). Dkt. #37. In her plea agreement, the defendant agreed to the forfeiture of any property involved in the money laundering conspiracy. *Id.* at ¶ 12.

**Factual Background**

The defendant was involved in a conspiracy to launder proceeds stemming from cocaine trafficking. The defendant, and her husband, Aleth Terada ("Terada"), used numerous bank accounts in their names, and the name of an illegitimate company Stylish Traveler LLC, in order to launder the proceeds. Bank records show that Stylish Traveler LLC had both the defendant and Terada listed as owners. According to information provided by confidential source 1 ("CS-1"), Terada would provide CS-1 with bank account information which belonged to Terada and/or Vovk. CS-1 would then either deposit the money on his own, or, on another occasion, have confidential source 2 ("CS-2") deposit the money.

CS-1 identified the Stylish Traveler LLC Bank of America account as one of the accounts used to launder either narcotics proceeds or payment for narcotics. CS-1 stated that he/she would deposit United States currency into accounts in the names of Vovk, Terada, and Stylish Traveler LLC. Withdrawal slips obtained from Bank of America confirm that the money was then withdrawn by either Vovk or Terada. Vovk had clear access to this account, and, as one of the owners of this account, could deposit and withdraw money from it. The account was utilized to launder at least $73,300 in amounts lower than $10,000 in order to avoid law enforcement detection.

Furthermore, CS-2 stated that in May 2015, he/she deposited a sum of $35,000 immediately following a narcotics sale of cocaine, into Wells Fargo bank accounts in the names of Vovk and Terada, in Alexandria, Virginia. The deposits were made in sums of less than

$10,000 in order to avoid law enforcement detection. There is no indication that Vovk did not have access to or control over these accounts.

## Argument

**I.      Forfeiture Is Mandatory**

Forfeiture for a conspiracy to commit money laundering is authorized by 18 U.S.C. § 982(a)(1) which mandates forfeiture of "any property, real or personal, involved in such offense, or any property traceable to such property."

The clear language of 18 U.S.C. § 982(a)(1) makes forfeiture mandatory in this case. *See*, *e.g.*, *Alexander v. United States*, 509 U.S. 544, 562 (1993); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited."); *United States v. Blackman,* 746 F.3d 137, 143 (4th Cir. 2014) ("The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing."); *United States v. Louthian*, 756 F. 3d 295, 307 (4th Cir. 2014) (criminal forfeiture is mandatory); *United States v. Estrada,* 2014 WL 2320858, at *3 (E.D. Va. 2014) (following *Blackman*).

Forfeiture is mandatory even when the directly traceable proceeds of the offense have been dissipated and the United States seeks a money judgment or substitute assets. *Blackman*, 746 F.3d. at 144 ("Imposing forfeiture on defendants who have divested themselves of their gains is therefore necessary to give full effect to the penal purposes of the forfeiture statute"; remanding to district court with instructions to enter forfeiture order in the amount of the proceeds of the offense). Also, Fed. R. Crim. P. 32.2(b)(1)(A) acknowledges that "[i]f the

government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."

## II. Procedure for Entering a Preliminary Order of Forfeiture

Rule 32.2(b)(1)(A) directs that the Court must determine what property is subject to forfeiture "[a]s soon as practical after a verdict or finding of guilty." However, "[i]f the forfeiture is contested, on either party's request the [C]ourt must conduct a hearing after the verdict or finding of guilty." Rule 32.2(b)(1)(B). Rule 32.2(b)(2)(A) further directs that "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment . . . and directing the forfeiture of any substitute property if the government has met the statutory criteria."

The United States must prove the amount of the forfeiture by a preponderance of the evidence. *Libretti v. United States*, 516 U.S. 29, 37-41 (criminal forfeiture is part of sentence and not a substantive element of offense); *United States v. Martin*, 662 F. 3d 301, 307 (4th Cir. 2011) (noting that "the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence"); *United States v. Herder*, 594 F. 3d 352, 364 (4th Cir. 2010) ("The burden is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture.").[1]

Moreover, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "[t]he Court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional information presented by the parties and accepted by the court as relevant and

---

[1] *See also United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012) ("[A] forfeiture judgment must be supported by a preponderance of the evidence."); *United States v. Kalish*, 626 F.3d 165, 168 (2d Cir. 2010) (same).

reliable." *See, e.g., United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (under Rule 32.2(b)(1)(B), the court may base its forfeiture determination on evidence already in the record and on any additional evidence or information submitted).[2]

The forfeiture amount may be based on a reasonable estimate of the proceeds derived. *See, e.g.*, *United States v. Roberts*, 660 F.3d 149, 165-66 (2d Cir. 2011) (forfeiture calculations may be based on "reasonable estimate"); *United States v. Iacaboni*, 363 F.3d 1, 7 (1st Cir. 2004) (forfeiture based on "reasonable and fair estimate"); *United States v. Jafari*, 85 F. Supp. 3d 679, 693-95 (W.D.N.Y. 2015) (calculation of forfeiture amount is not an exact science; court need not establish loss with precision but rather need only make a reasonable estimate of loss given available information).

### III.     A Money Judgment for the Total Proceeds Is Appropriate

The United States is seeking a forfeiture money judgment of **$113,000** representing the proceeds both defendants obtained from the conspiracy to commit money laundering of narcotics proceeds. "Such judgments would seem especially appropriate where physical assets derived from the [offense] are no longer traceable or available." *Blackman*, 746 F.3d at 145; *see also United States. v. Butler*, 578 F. App'x 178, 183 n.4 (4th Cir. 2014). The Statement of Facts agreed to by the defendant states that $113,300 was obtained during the course of the money laundering conspiracy ($73,3000 laundered via the Stylish Traveler LLC account, and $35,000 laundered through the Wells Fargo accounts utilized by CS-2 to deposit narcotics proceeds in

---

[2]     *See also United States v. Elder*, 682 F.3d 1065, 1073 (8th Cir. 2012) (computing the amount of forfeiture order based on evidence already in the record supplemented by an agent's affidavit; *United States v. Sabhnani*, 599 F.3d 215, 262–63 (2d Cir. 2010) (forfeiture may be based on testimony in the record from the guilt phase of the trial, including evidence of the harm done to the victims).

May of 2015). Dkt. # 38. Both defendants had access to and control over the $113,300 as is established by the information provided by confidential sources, and bank records, which show that the defendants had access to the accounts. Dkt. # 38.

### IV. Honeycutt is Not a Bar to Joint and Several Liability in this case

In *Honeycutt*, the Supreme Court held that the application of the doctrine of joint and several liability is inconsistent with the statutory language in 21 U.S.C. § 853(a) limiting criminal forfeiture to "proceeds the person obtained." The defendant in *Honeycutt* was a minor player who kept no criminal proceeds. The previous rule had imposed joint and several liability on co-conspirators for foreseeable proceeds. *United States v. Bollin*, 264 F.3d 391, 418-19 (4th Cir. 2001). Unlike the defendant in *Honeycutt*, who was a minor player and derived no monetary benefit from his illegal acts, the defendant in this case was directly involved in both the cocaine distribution and the laundering of narcotics-related proceeds, in concert with her co-conspirator and husband.

Several courts have found that *Honeycutt* does not apply where defendants are leaders or jointly act in concert, dividing proceeds among themselves. *See United States v. Bergstein,* ___ F. App'x ___, 2019 WL 4410240, *2 (2d Cir. Sep. 20, 2019) (*Honeycutt* does not preclude holding a person liable for the forfeiture of all of the proceeds of an offense, even if he did not retain all of them for himself, if he exercised control over the proceeds); *United States v. Leyva,* 916 F.3d 14, 30-31 (D.C. Cir. 2019) (*Honeycutt* did not deal with the leader of an organization and it is "far from clear" that the leader should not be liable to forfeit the proceeds obtained by his organization; it was not plain error for the district court to so hold), *cert. denied*, 2019 WL 5150737 (Oct. 15, 2019); *United States v. Potts,* 765 F. App'x 638, 640 (3d Cir. 2019) (distinguishing *Honeycutt*; the leaders of a drug organization "obtain" whatever the organization obtains regardless of how they divide the money among themselves and their subordinates), *cert.*

*denied*, ___ S. Ct. ___ (Oct. 7, 2019); *S.E.C. v. Metter,* 706 F. App'x 699, 702 n.2 (2d Cir. 2017) (finding not only that *Honeycutt* had no application to a disgorgement proceeding but that "[e]ven if the rule of *Honeycutt* applied in the context of disgorgement, therefore, that rule, which protects incidental figures from forfeiture of amounts far beyond what would be justified by their role in the offense, would not compel reversal in this case.").[1]

Thus, since both defendants had ability to obtain the funds from the bank account, then they both "obtained" the proceeds and are jointly and severally liable.

Moreover, *Honeycutt* does not apply to money laundering forfeitures. The holding in *Honeycutt* was based on the fact that the drug forfeiture statute, 21 U.S.C. § 853 (a)(1), explicitly requires forfeiture of property "obtained" by a defendant. By contrast, the money laundering forfeiture statute, 18 U.S.C. § 982(a)(1), which is employed in this case, simply requires forfeiture of property "involved in" money laundering. Thus, if property is "involved in" money laundering, as it was in this prosecution, it is subject to forfeiture regardless of whether the

---

[1] *See also United States v. Bangiyev,* 359 F. Supp. 3d 435, 440 (E.D. Va. 2019) (O'Grady, J.) (following *Metter* and limiting *Honeycutt* to cases involving incidental figures who did not personally obtain the criminal proceeds; it does not apply to the leaders who obtained all of the money before distributing it among themselves), *aff'd,* 771 F. App'x 328 (4th Cir. 2019); *United States v. Masino,* 2019 WL 1045179, *9 (N.D. Fla. Mar. 5, 2019) (*Honeycutt* does not bar holding leaders of illegal gambling operation jointly and severally liable where they acted in concert in running the operation and deciding how to distribute its proceeds); *S.E.C. v. Amerindo Invest. Advisors, Inc.,* 2019 WL 3526590, *2 (S.D.N.Y. Aug. 2, 2019) (even if *Honeycutt* applies to investment fraud cases, defendants who acted jointly in perpetrating the scheme and who jointly obtained the proceeds through a company that they controlled as equal partners remain jointly and severally liable for the forfeiture); *United States v. Ward*, 2017 WL 4051753, *3 (W.D. Mich. Aug. 24, 2017) (leader of a drug organization "obtains" the gross proceeds of the drug offense, even if some of the money is actually received by his employees; *Honeycutt* does not limit his liability to the money that comes into his own hands), *rpt & recommendation adopted*, 2017 WL 3981160, (W.D. Mich. Sep. 11, 2017), *aff'd on other grounds*, 757 F. App'x 507 (6th Cir. 2019); *United States v. McIntosh,* 2017 WL 3396429, *5-6 (S.D.N.Y. Aug. 8, 2017) (notwithstanding *Honeycutt,* when defendants act in concert, jointly acquiring proceeds and dividing them among themselves by joint decision, they each remain liable to forfeit the total proceeds).

defendant personally "obtained" it. *United States v. Fujinaga*, 2019 WL 2503939, *5 n.1 (D. Nev. Jun. 17, 2019) (*Honeycutt* does not apply to the forfeiture of the property involved in money laundering under § 982(a)(1)); *see also United States v. Alquza,* 2017 WL 4451146, *3 (W.D.N.C. Sept. 20, 2017) (questioning whether *Honeycutt* applies to forfeitures under § 982(a)(1), which authorizes the forfeiture of all property "involved in" a money laundering offense and is not limited to the proceeds obtained by the defendant), *aff'd*, 722 F. App'x 348 (4th Cir. 2018).

The Fourth Circuit's holding in *United States v. Chittenden,* 896 F.3d 633 (4th Cir. 2018) that *Honeycutt* applies to forfeitures under 18 U.S.C. § 982(a)(2) has no application to this case because the forfeiture here is under 18 U.S.C. § 982(a)(1), the money laundering forfeiture statute, and the language is not based on what the defendant "obtained", as it is in § 982(a)(2), but rather on what property was "involved in" the offense.

Thus, this Court should enter a forfeiture money judgment in the amount of $113,300.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter the attached Preliminary Order of Forfeiture.

                                          Respectfully submitted,

                                          G. Zachary Terwilliger
                                          United States Attorney

                    By:        */s/*
                                          Karolina Klyuchnikova
                                          Special Assistant United States Attorney

                                          Karen Taylor
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

                                                            /s/
                                       Karolina Klyuchnikova
                                       Special Assistant United States Attorney